UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JARON BRIGNAC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLARK COUNTY SCHOOL DISTRICT; MANION MIDDLE SCHOOL; TODD PETERSON; TINA MILLER; CONNIE MCGRANDY; ZACH STARK,<br><br>　　　　Defendants. | Case No. 2:25-cv-00215- EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Temporary Restraining Order under Federal Rule of Civil Procedure 65, and request for an Order to Show Cause Why a Preliminary Injunction Should Not Be Issued.[1]  ECF No. 20.

Federal Rule of Civil Procedure 65 governs TROs and requires motions seeking such relief to include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65.  Further, the standard governing TROs is the same standard applied to requests for preliminary injunctions. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

TROs "should be restricted to serving [their] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).  A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) an injunction is in the public interest. *Winter v.*

---

[1]　Plaintiff's request for a temporary restraining order is referred to herein as a "TRO."  Temporary restraining orders are generally referred to herein as "TROs."

*Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

In his TRO Motion, Plaintiff argues his daughter was expelled from her middle school causing him irreparable injury because he was "pulled away from his daily work activities to cooperate with the behavioral school" to which his daughter was referred, he has missed hours of work in an effort to figure out in which school his daughter should be enrolled, he has lost sleep, and he is suffering from anxiety because his daughter is placed in a behavioral school. ECF No. 20 at 10. The harm Plaintiff alleges is insufficient to establish the immediate and irreparable harm required to warrant the granting of a TRO.

Plaintiff's generalized claims of emotional distress, loss of sleep, and anxiety are not sufficient to establish irreparable harm. *Mayes v. Smart & Final Stores, LLC*, Case No. 2:17-cv-1136-JAD-VCF, 2017 WL 2450247, at ** 1-2 (D. Nev. June 6, 2017) (plaintiff's claim that she was under the care of a doctor for emotional and psychological distress is insufficient to establish irreparable harm in the absence of any evidence to support her allegations); *Holcomb v. Cal. Board of Psychology*, Case No. 2:15-cv-02154-KSM-CRD, 2015 WL 7430625, at *4 (E.D. Cal. Nov. 23, 2015) (finding no irreparable harm where plaintiff alleged that in the absence of a temporary restraining order she would lose her job, be unable to find employment due to her advanced age, and possibly become homeless as a result).

Plaintiff's alleged lost off work time is also insufficient to constitute irreparable injury. *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014); *see also Goldie's Bookstore v. Superior Ct. of the State of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984) ("financial injury … [does] not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation."). In fact, the risk of termination from employment is not sufficient, in and of itself, to constitute irreparable harm. *Mayes*, 2017 WL 2450247, at *3 ("risk of being terminated also does not present a threat of imminent harm."). "Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) (internal citation omitted). A plaintiff must demonstrate that "remedies available at law, such as monetary damages, are inadequate to

1  compensate" him for his injury. *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (internal citation omitted).

In the absence of a demonstration that Plaintiff will suffer irreparable harm, Plaintiff fails to establish a basis for granting immediate injunctive relief.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued (ECF No. 20) is DENIED without prejudice.

Dated this 5th day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3