UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JARON BRIGNAC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK COUNTY SCHOOL DISTRICT; MANION MIDDLE SCHOOL; TODD PETERSON; TINA MILLER; CONNIE MCGRANDY; ZACH STARK,<br><br>　　　　　Defendants. | Case No. 2:25-cv-00215- EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 19). The Court has considered the Motion along with Defendant's Response (ECF No. 25). No reply was filed. The Court finds as follows.

**I.   Procedural History**

Plaintiff Jaron Brignac initiated this action against Defendants on January 31, 2025 alleging violations of Title VII of the 1964 Civil Rights Act based on Defendants' alleged failure to address persistent, racially motivated bullying his daughter supposedly suffered as a student at Mannion Middle School ("MMS"). ECF No. 1. Less than one week later, Plaintiff filed his First Amended Complaint ("FAC") alleging that in the time since serving his original Complaint, his daughter had been expelled from MMS in what Plaintiff contends was an act of retaliation. ECF No. 7. Based on these allegations, Plaintiff omitted his Title VII claim and instead asserted a First Amendment retaliation claim (hereafter the "Retaliation" claim). *Id.* at 4-5. Plaintiff's FAC also asserted violations of the Fourteenth Amendment's Equal Protection Clause alleging (1) Defendants failed to properly investigate the bullying incidents or follow their internal policies regarding expulsion, (2) Plaintiff and his daughter suffered different (less favorable treatment) because of their race, and (3) similar incidents involving non-black parents and non-black students had not resulted in expulsion. *Id.* at 6.

On February 27, 2025, Defendants filed a Motion to Dismiss Plaintiff's FAC. ECF No. 15. In their Motion, Defendants seem to have mistaken Plaintiff to be asserting a claim under the Fourteenth Amendment's Due Process Clause, rather than the Equal Protection Clause, as Defendants argue at various points that Plaintiff failed to establish a violation of the Due Process Clause. *See, e.g.*, *id.* at 6 ("[T]here are no allegations as to how the Defendants violated Plaintiff's Fourteenth Amended [sic] right to due process."); *id.* at 12 ("[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *id.* at 16 ("[F]ail[ure] to follow the School District's policies and procedures … is not a violation of the constitutional right to due process.").

Plaintiff responded by filing the instant Motion for Leave to Amend ("Plaintiff's Motion") to which he attached his proposed Second Amended Complaint ("SAC"). ECF No. 19. Likely intending to address the supposed deficiencies in what Defendants misconstrued as a Due Process claim, Plaintiff's proposed SAC includes extensive new factual allegations asserting violations of the Due Process Clause of the Fifth Amendment. *Id.* at 9-12. The SAC also reasserts Plaintiff's Retaliation and Equal Protection claims. *Id.* at 15-16. Plaintiff also filed an Opposition to Defendants' Motion to Dismiss the FAC arguing the Motion was moot given the filing of the proposed SAC and the Court should therefore construe Defendants' Motion as seeking dismissal of the proposed SAC. ECF No. 24 at 6. Defendants disagree maintaining their Motion to Dismiss is directed only at the FAC, ECF No. 26 at 3, while separately opposing Plaintiff's Motion for Leave to Amend by arguing that the proposed amendments are futile, ECF No. 25.

**II.    Discussion**

Under Rule 15 of the Federal Rules of Civil Procedure ("FRCP"), a party may amend its pleading once as a matter of course, but further amendments may only be made "with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). The Court should nevertheless freely grant leave "when justice so requires." *Id.* Despite this lenient standard, a district court "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen*

*Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendants oppose Plaintiff's Motion solely on the basis of futility. ECF No. 25 at 1. Although courts generally "will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed," *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003), leave to amend is properly denied as futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). That being said, it is the opposing party's burden to show why leave to amend should not be granted. *Louis v. Cnty. of Ventura*, Case No. 2:22-cv-00493-FWS-KS, 2023 WL 6890766, at *1 (C.D. Cal. July 26, 2023) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)).

Importantly, in their Opposition to Plaintiff's Motion Defendants challenge only the portions of the proposed SAC that seek to assert additional claims. ECF No. 25. That is, no opposition—no effort to seek dismissal—is argued with respect to the Equal Protection or Retaliation claims. *See id*. Therefore, the Court limits its futility analysis to Defendants' arguments addressing Due Process and civil conspiracy.

"[P]roposed amendments are futile when they are either duplicative of existing claims or patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)) (cleaned up). Applying this standard to Plaintiff's proposed SAC, the Court finds the proposed changes largely fall into two categories. First, the SAC includes several pages worth of additional factual allegations broadly asserting that Plaintiff's daughter was "deprived of life, liberty, and property without due process of law," which the Court construes as a procedural due process claim. ECF No. 19 at 10. Second, the SAC adds a third cause of action for civil conspiracy. *Id.* at 11-12. The Court considers these two proposed amendments in sequence.

3

A.     Procedural Due Process Claim.

Plaintiff's due process allegations in the proposed SAC all arise from Clark County School District's ("CCSD") internal policies regarding the expulsion of students. Plaintiff first alleges that these policies violate the Due Process Clause[1] because they allow for the expulsion of a student for battery without the student having been convicted of criminal battery. *Id.* at 9-10. Plaintiff alleges this is what happened to his daughter, noting that she was expelled on February 4, 2025, while the court date for her battery charge was not until March 6, 2025. *Id.* at 9. Separately, Plaintiff alleges Defendants did not follow the procedures outlined in these policies when deciding to expel his daughter. Specifically, Plaintiff alleges that although CCSD policies require issuance of a notice of suspension, a hearing in which the principal discloses information obtained during the investigation of the underlying incident and in which the parents have opportunity to present their own evidence, a formal recommendation of expulsion, a written notice to the parents outlining the "due process procedures" available, and hand-delivered written notice of the results of the hearing, Defendants did not adhere to these procedures when deciding to expel Plaintiff's daughter. *Id.* at 10-12. In particular, Plaintiff alleges that he received no written notice and that the results of the investigation were not disclosed to him. *Id.* at 12.

To state a procedural due process claim, Plaintiff must establish the following elements: "(1) a liberty or property interest protected by the Constitution, (2) a deprivation of the interest by the government, and (3) a lack of process." *K.J. v. Jackson*, 127 F.4th 1239, 1247 (9th Cir. 2025) (internal quotations omitted). In their Opposition, Defendants argue that Plaintiff is "confusing and conflating criminal standards with civil standards," and that CCSD's policies regarding expulsion are "separate and apart from criminal law." ECF No. 25 at 4. While Defendants do not elaborate on this point, the Court interprets their arguments as asserting the procedural protections guaranteed by the Fourteenth Amendment in the context of criminal prosecutions differs from those required in the context of disciplinary procedures in public schools. If this is indeed the argument Defendants attempt to make, the Court agrees. *See Turner v. Rogers*, 564 U.S. 431, 442 (2011) (in civil

---

[1] Although Plaintiff specifically references the Fifth Amendment's Due Process Clause, because Defendants are state actors and not arms of the federal government, the Court liberally construes Plaintiff's allegations to arise under the Fourteenth Amendment.

enforcement proceedings, "the Fourteenth Amendment's Due Process Clause allows a State to provide fewer procedural protections than in a criminal case").

To the extent Plaintiff asserts CCSD's policies are violative of the Due Process Clause because they deprive students of their "right to be innocent until proven guilty," ECF No. 19 at 10, his claim is meritless and granting leave to add such a claim would be futile. *See Itta v. Harvey*, Case No. 4:21-cv-00010-HRH, 2022 WL 204574, at *2 (D. Alaska Jan. 24, 2022) ("[T]he presumption of innocence … is not applicable in civil cases.") (citing *Lilienthal's Tobacco v. United States*, 97 U.S. 237, 267 (1877)). However, to the extent Defendants are arguing the procedural guardrails guaranteed by the Due Process Clause do not apply to Defendants' decision to expel Plaintiff's daughter, they are wrong. The Supreme Court has long recognized that where state law establishes the right to a public education, the state "is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away for misconduct without adherence to the minimum procedures required by that Clause." *Goss v. Lopez*, 419 U.S. 565, 574 (1975).

The *Goss* Court outlined the minimum procedural protections required for a suspension of less than ten days, holding that a public school student was entitled to "be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Id.* at 581. Though no case from the Supreme Court or Ninth Circuit delineates the specific protections public schools are required to provide prior to the expulsion of a student, rather than temporary suspension, the court in *Wynar v. Douglas Cnty. Sch. Dist.* found no constitutional violation where a student "received written notice of the charges and a list of possible witnesses," and was given "the right to be represented by an advocate of his choosing[,] to present evidence and to call and cross-examine witnesses." 728 F.3d 1062, 1073 (9th Cir. 2013) (cleaned up).

Here, Plaintiff alleges that he (and, liberally construed, also his daughter) received no written notice, and that information obtained from the investigations into the underlying incident was never disclosed to him. ECF No. 19 at 12. Accepting these allegations as true, it appears the procedures utilized in this case fell well short of those in *Goss* and *Wynar*. The Court is therefore satisfied that

the allegations in the SAC, if taken as true, state a claim averring Plaintiff's daughter was deprived of a property interest by a state actor without the procedural protections guaranteed to her by the Due Process Clause of the Fourteenth Amendment.

However, while the Court finds Plaintiff alleges a violation of the Due Process Clause, this does not mean Plaintiff has standing to challenge this alleged violation. More specifically, Plaintiff alleges that his daughter's constitutional rights were violated when she was expelled without the requisite level of due process, yet he asserts each of the claims in the SAC in his own name rather than on his daughter's behalf. *See generally*, ECF No. 19 at 7-18. Plaintiff does not have standing to challenge the violation of another's rights. *See Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) ("Generally, constitutional rights are personal and may not be asserted vicariously.") (internal quotations omitted); *see also Cherry v. Clark Cty. Sch. Dist.*, Case No. 2:11-CV-1783-JCM-GWF, 2013 WL 3944285, at *9 (D. Nev. July 22, 2013). Further, even if the Court were to construe Plaintiff's amended pleadings as attempting to assert a claim on his daughter's behalf, granting Plaintiff leave to pursue such a claim while proceeding *pro se* would still be futile because, as is well established in the Ninth Circuit, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997). Because Plaintiff may not bring this claim on his daughter's behalf as a *pro se* litigant, the Court denies his Motion with respect to his procedural due process claim.

   B.  Civil Conspiracy.

Plaintiff's proposed SAC asserts a new cause of action for "Civil Conspiracy and/or 1983 Conspiracy" against Defendants Zach Stork, Tina Miller, Todd Peterson, and Connie McGrandy (collectively the "Individual Defendants"). ECF No. 19 at 17. The Court construes Plaintiff to be asserting a claim for civil rights conspiracy under 42 U.S.C. § 1983 as well as a common law civil conspiracy claim under Nevada law.

To state a claim for civil conspiracy under Nevada law, a plaintiff must allege "a combination of two or more persons, who by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983) (internal citations omitted). Further, under Nevada

law, the unlawful objective need not necessarily be a tort for civil conspiracy liability to attach. *Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 1052 (Nev. 2015). In the SAC, Plaintiff alleges that the Individual Defendants met shortly after Plaintiff filed his original Complaint on January 31, 2025,[2] and agreed to bypass the required procedures to immediately and permanently expel Plaintiff's daughter "as punishment since Plaintiff was pursuing a civil rights action." ECF No. 19 at 17. As alleged by Plaintiff, his daughter was expelled a few days later on February 4, 2025. *Id.* at 9. Plaintiff further alleges he has suffered emotional distress and lost wages as a result. *Id.* at 18.

As explained above, the Due Process Clause of the Fourteenth Amendment guarantees students of public schools who are facing suspension or expulsion certain minimum procedural protections. An agreement between school officials to forego these procedural protections would therefore be an agreement to accomplish an unlawful objective. Taking the facts alleged in the SAC as true as the Court must at this stage of proceedings, Plaintiff has alleged harm as a result of an assertedly unlawful action. The Court is satisfied that Plaintiff has stated a claim for civil conspiracy under Nevada law and grants Plaintiff's Motion with respect to this claim.

The Court next considers whether Plaintiff separately states a claim for civil rights conspiracy under 42 U.S.C. § 1983. To state a civil rights conspiracy claim under § 1983, a plaintiff must allege "(1) the existence of an express or implied agreement among the defendants to deprive him of his constitutional rights, and (2) actual deprivation of those rights resulting from that agreement." *Bell v. Gates*, Case No. CV 01-01863 FMC (SHx), 2001 WL 849640, at *7 (C.D. Cal. July 24, 2001) (citing *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991)). Thus, unlike a civil conspiracy claim under Nevada law, Plaintiff cannot maintain a conspiracy claim under § 1983 unless he can establish the conspiracy resulted in the deprivation of *his* constitutional rights. *See Woodrum v.*

---

[2] Defendants, somewhat oddly, dispute this date by asserting that one of the exhibits attached to Plaintiff's Motion shows the decision to expel Plaintiff's daughter took place on January 31, 2023—two years prior to the filing of Plaintiff's original Complaint. ECF No. 25 at 5. Though Defendants do not cite or otherwise indicate to which exhibit they are referring, the Court for lack of a better explanation construes Defendants to be referring to the email exchange Plaintiff labeled as Exhibit 7. ECF No. 19 at 103. While this email is in fact dated January 31, 2023, it clearly pertains to a cyberbullying investigation and contains no mention of expulsion or disciplinary action against Plaintiff's daughter of any sort. *Id.* Regardless, if Defendants seek to challenge the factual basis for any of Plaintiff's claims, this is not the appropriate stage of litigation to do so.

7

*Woodward Cnty.*, 866 F.2d 1121 (9th Cir. 1989) ("[A] conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights.") (citing *Singer v. Wadman*, 595 F. Supp. 188 (D. Utah 1982)).

While Plaintiff alleges the Individual Defendants conspired to deprive his daughter of her constitutional rights, the only injury alleged is to Plaintiff arising from lost wages and emotional distress. ECF No. 19 at 18. Therefore, while the Court grants Plaintiff's Motion with respect to the proposed common law civil conspiracy claim, the Court denies as futile his proposed § 1983 conspiracy claim.

The Court notes, for sake of completeness, that Defendants' Motion does not address the reasserted Equal Protection Clause or First Amendment Retaliation claims in the SAC. In the absence of raising any argument in response to the proposed SAC, these claims may also proceed.

Finally, because the Court grants Plaintiff leave to file a Second Amended Complaint, the Court denies Defendants' Motion to Dismiss the First Amended Complaint as moot.

## III.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 19) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's Second Amended Complaint may proceed on his civil conspiracy, Retaliation, and Equal Protection claims. Plaintiff may not proceed on his Due Process claim, or any other claim that is asserted on behalf of his daughter, so long as he is proceeding *pro se*.

IT IS FURTHER ORDERED that the Clerk of Court is to separate the Second Amended Complaint and related exhibits at ECF No. 19 from pages 7 to 103 and file the same.

IT IS FURTHER ORDERED that Defendants' responsive pleading is due no later than **June 16, 2025**.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 15) is DENIED as moot.

Dated this 30th day of May, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE