UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JARON BRIGNAC,

Plaintiff,

v.

CLARK COUNTY SCHOOL DISTRICT; MANION MIDDLE SCHOOL; TODD PETERSON; TINA MILLER; CONNIE MCGRANDY; ZACH STARK,

Defendants.

Case No. 2:25-cv-00215-EJY

**ORDER**

Pending before the Court are: (1) Defendants' Motion for Summary Judgment, the Opposition,[1] and Reply (ECF Nos. 43, 48, 50); (2) Plaintiff's Motion to Compel and Defendants' Response (ECF Nos. 45, 49); and (3) Plaintiff's Motion for Rule 11 Sanctions and Defendants' Response (ECF Nos. 47, 52).[2]  The Court considered each of these filings and finds as follows.

**I.    Background**

This case arises from Plaintiff's allegation all of which are tied to his daughter's expulsion from Manion Middle School ("Manion") on February 6, 2025.  ECF Nos. 30; 43-17 at 2.  Plaintiff alleges three claims in his operative Second Amended Complaint[3] including Retaliation under the First Amendment, a violation of the Fourteenth Amendment Equal Protection Clause (sometimes "EPC") , and civil conspiracy.  ECF No. 30 at 1.  Important for the Court's analysis is that Plaintiff (father of the expelled student) raises no claim on behalf of his daughter.  *Id.*, *generally*.  Plaintiff names Clark County School District ("CCSD"), Manion, Todd Peterson ("Peterson"), Tina Miller ("Miller"), Connie McGrandy ("McGrandy"), and Zach Stork ("Stork") as Defendants.

---

[1]    Defendants failed to comply with Local Rules regarding the searchability of all documents filed with the Court rendering analysis of issues presented more difficult than it had to be.  CCSD is forewarned that compliance with local rules is not optional and failure to comply allows for denying submissions to the Court.  LR IA 10-1(b), (d); LR IC2-2(a)(1).

[2]    No Reply was filed by Plaintiff in support of his Motions to Compel or for Rule 11 Sanctions.

[3]    Plaintiff's Second Amended Complaint is referred to herein as the "SAC."

The events underlying the expulsion took place on January 28, 2025 when Plaintiff's daughter (sometimes "IMB") and another student (referred to as "GK") were in a class together at Manion, GK was annoying and potentially provoking IMB and, after several exchanges, IMB hit GK in the face. ECF Nos. 43-3; 43-7 at 2; 43-8 at 2; 43-9 at 2. School security was called and took IMB to the office; Assistant Principal Stork called IMB's mother Angel Hunter (hereinafter "Hunter") advising her that IMB would be placed on a "Required Parent Conference" resulting in IMB being temporarily removed from the school. ECF No. 43-4 at 3.

On January 30, 2025, a Clark County School District Police ("CCSDP") officer met with GK and his mother leading to GK completing a form stating he wanted "to press charges" against IMB. ECF No. 43-6 at 2. On January 31, 2025, after obtaining statements from GK and three other students (ECF Nos. 43-7, 43-8, 43-9), Stork met with Plaintiff and Hunter. ECF No. 43-4 at 3. Stork explained at the meeting that GK was pressing charges and, if CCSDP found IMB committed a crime, Clark County School District ("CCSD") policy required the school to recommend IMB be expelled. *Id*. Later that day, after Stork confirmed charges were being brought by GK, Stork left Plaintiff a voicemail confirming IMB would be placed on in-house suspension commencing on Monday, February 3 while CCSD investigated. *Id*.

On February 3, 2025, CCSDP cited IMB with battery and Stork met with Plaintiff and Hunter notifying them that IMB would be recommended for expulsion. *Id*. That same day, Plaintiff and Hunter requested an investigation into GK bullying IMB. *Id*. The investigation was conducted by another assistant principal (Hargraves) and the bullying claim was substantiated. *Id*. Stork confirmed the substantiated bullying with Plaintiff and Hunter on February 4, 2026. *Id*. Also on February 4, Stork met with Hunter and IMB to conduct the initial hearing required by CCSD Regulation 5141.1 regarding the recommendation to expel IMB for Bullying – Battery Student with a corresponding citation by law enforcement. *Id*.; ECF Nos. 43-15 at 16; 43-16 at 2 (which Defendants describe as "posted." ECF No. 43 at 8). During the hearing, Hunter stated they (IMB and her family) would be contesting the expulsion recommendation, which triggered a "school level

appeal." The school level appeal took place on Thursday, February 6, 2025 with Tony Davis, Region 3 School Associate Superintendent, and the expulsion was upheld. ECF No. 43-4 at 3.[4]

Setting aside Plaintiff's complaints regarding the number of counsel who have represented Defendants, his Opposition to summary judgment relies heavily (and almost exclusively) on allegations appearing in the SAC, repetition of various CCSD regulations, and statements unsupported by any reference to exhibits or authority. *See* ECF No. 48, *generally*, and *id*. at 4-5,8-9-12, 13-17. Plaintiff cites *Rogers v. Las Vegas Metropolitan Police Dept.*, 764 F.Supp.3d 971 (D. Nev. 2025) for the proposition that his First Amendment Retaliation claim should be allowed to proceed. *Id*. at 5. However, the decision cited applied the standard applicable to a motion to dismiss, not a motion for summary judgment and, thus, is inapplicable here. *Rogers*, 764 F.Supp.3d at 980.

Plaintiff states he engaged in protected activity under the First Amendment when he first emailed a copy to individuals at Manion and then filed his original complaint on January 31, 2025 against the Defendants. ECF No. 48 at 6. Plaintiff then alleges facts in support of his conspiracy and EPC claims (discussed below), but returns to the First Amendment when he says Defendants' "arbitrary" punishment of his daughter would chill people of "ordinary firmness" from engaging in protected speech. *Id*. at 7. Plaintiff makes unsupported statements regarding other children remaining at Manion after engaging in egregious activity and that Defendants' "acts and omissions" burdened him with taking his daughter to a behavioral school that has interfered with work. *Id*. Plaintiff concludes, without a cite to any evidence, that his protected activity was a motivating factor in "Defendant's [sic] conduct." *Id*. at 8.

Plaintiff's argument in support of his Equal Protection Clause claim is confusing. Plaintiff complains that Defendants produced a spreadsheet regarding alleged similarly situated students, which does not reference how non-Black/African American students were treated. *Id*. at 6-7, 11. However, Plaintiff does not state how this implicates *his* Equal Protection rights. Plaintiff also relies on his SAC and the alleged failure to follow quoted regulations to support his claim. *Id*. at 8-11. In

---

[4] The cite at ECF No. 43 at 8:25 is wrong. Defendants clearly mean to cite to Exhibit C (ECF No. 43-4, which is Exhibit C, not B). The reference is not on page 2, but page 3. The Court notes there are many citation errors in Defendants' brief. The Court has no duty to ferret out any party's intended citations. Defendants are cautioned not to repeat this error in the future.

concluding this section of Plaintiff's Opposition, he says: "Since Plaintiff's daughter's alleged acts of battery charges were recommended for expulsion by Defendant Todd Peterson (Principal) it is essential to know if these other students [sic] conduct were recommended for expulsion by the same principal filed with the school police department or not [sic]." *Id.* at 12.[5]  Plaintiff then says that "liberally construed" he has made a "showing of a due process violation, since Plaintiff is a part of a protected class, and alleges how he was retaliated against." *Id.*

Finally, Plaintiff's civil conspiracy claim is based entirely on an alleged meeting in Manion's administrative offices, "on a date and time Plaintiff alleges in his complaint," supposedly attended by Stork, Miller, Peterson, and McGrandy, where there was an agreement to "not allow Mr. Stork to follow the due process for expulsion" so they could expel IMB as a punishment for Plaintiff's civil rights complaint. *Id.* at 11, 13.  Without evidentiary support, Plaintiff says the individual Defendants " are known to have met several times" to ensure IMB was expelled thus making "an example out of her dad." *Id.* at 13.  Plaintiff also contends there is a video of the meeting. *Id.*  However, and in fact, the only exhibit the Court located regarding this allegation is Peterson's responses to Plaintiff's Request for Production No. 4 stating: "Defendant is not in possession of any videos responsive to this request as no such videos exist."  ECF No. 48-1 at 43.  While Plaintiff's Opposition repeatedly returns to the theme of the production of this video, he offers nothing other than his own belief that such a video exists or ever existed.  ECF No. 48 at 4-5, 6, 11, 13.

---

[5]    Plaintiff's Motion to Compel (ECF No. 45) focuses on this spreadsheet.  The Opposition (ECF No. 51) demonstrates the spreadsheet (*id.* at 28) provides all information Plaintiff sought including expulsion information.  *Id.* at 5.  Indeed, a review of the spreadsheet provides the race of every student expelled for the 2022 through 2025 school years, the event description, and whether the student was cited by law enforcement.  *Id.* at 28.  Plaintiff also seeks to compel information unrelated to the case at bar.  The request, addressing the allegation that in 2023 Miller grabbed IMB's arm, occurred two years before the event resulting in IMB's expulsion.  ECF Nos. 43 at 7; 45 at 5.  Finally, Plaintiff requests documents, tangible things, and "any" data regarding White/Caucasian students in CCDC reflecting reports of bullying over a four year period.  This request is grossly overbroad and seeks documents neither relevant nor proportionate to the instant dispute.  Data available shows that for the 2023-2024 school year, CCSD had 299,186 enrolled students.  http://aarsiapps.ccsd.net/datatransparency/district-overview.html (last visited May 22, 2026).  For the 2024-2025 school year there were 296,145 students enrolled.  *Id.*  These two years alone represent almost 600,000 students for whom records would need to be searched and then culled to find White/Caucasian students with *reports* of bullying.  There is no allegation in this case that *reports* of bullying are at issue; rather, expulsions for bullying are at issue and relevant evidence regarding this topic was produced.  Accordingly, Plaintiff's Motion to Compel is denied.

**II.    Discussion**

   a.    <u>The Summary Judgment Standard</u>.

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). At the summary judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. "If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (internal citation and quote marks omitted). "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

Federal courts may disregard assertions made in support of or opposition to a motion for summary judgment that fail to offer any citation to supporting record evidence. *Millenium Drilling*

*Co., Inc. v. Beverly House-Meyers Revocable Trust*, Case No. 2:12-cv-00462-MMD-CWH, 2014 WL 4798417, at *3, n. 5 (D. Nev. Sept. 26, 2014) (disregarding allegations in opposition to summary judgment motion where party "fail[ ed] to offer any evidence or citation to the record in support of their claimed 'statement of undisputed facts.'"); *Trustees of Nevada Resort Ass'n - Intern. Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the U.S. and Canada Local 720 Pension Trust v. Grasswood Partners, Inc.*, Case No. 2: 11-cv-00044-MMD-NJK, 2013 WL 1249617, at *4 (D. Nev. Mar. 27, 2013) (where party's opposition violates L.R. 56-1 by failing to include record citations, "the Court ... does not consider the information contained in the Response's statement of facts"); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that a "district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.").

Further, reliance on one's pleadings is insufficient to establish a genuine issue of material fact that defeats summary judgment. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); Fed. R. Civ. P. 56(c). A party must offer significant probative evidence tending to support his legally unsupported theories. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Likewise, uncorroborated allegations and "self-serving testimony" do not create genuine issues of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). In sum, a party seeking to defeat summary judgment must offer significant probative evidence tending to contradict the movant's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (plaintiff must present affirmative evidence to defeat a proper Rule 56 motion).

> b. Plaintiff Fails to Offer Evidence in Opposition to Defeat Defendants' Motion for Summary Judgment.

> i. *Plaintiff's First Amendment Retaliation Claim*.

The First Amendment "prohibits government officials from subjecting individuals to retaliatory actions after the fact for having engaged in protected speech" and "[i]f an official takes adverse action against someone based on that forbidden motive, and non-retaliatory grounds are in

fact insufficient to provoke the adverse consequences, the injured person may generally seek relief by bringing a First Amendment claim." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (cleaned up). To succeed on such a claim, a plaintiff must establish "that (1) it engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (citations omitted).

Here, after citing the standard applicable to his retaliation claim, and quoting his SAC, Plaintiff relies on the District of Nevada decision in *Rogers*, *supra*, which applied the standard applicable to a motion to dismiss, not a motion for summary judgment. ECF No. 48 at 4-6; *see also Rogers*, 764 F.Supp.3d at 980. Thereafter, Plaintiff offers only unsupported assertions and a citation to his Declaration in opposition to Defendants' well supported arguments demonstrating the discipline and expulsion of IMB were not the result of Plaintiff threatening to or actually filing a lawsuit. Defendants demonstrate IMB was expelled as the result of her conduct—hitting another student—that student pressing charges, CCSDPD investigating and issuing Plaintiff a citation, and the application of CCSD Regulation 5141.1 as was published to students in a bulletin. ECF No. 43 at 4-8 (and exhibits cited therein). Other than Plaintiff's vehement belief that filing his Complaint resulted in his daughter's punishment, Plaintiff submits no evidence casting doubt on the reason for that punishment. *Compare id.* and ECF No. 48 at 4-8. *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 783 (9th Cir. 2002) (hearsay and legal conclusions are insufficient to defeat summary judgment); *Cermetek, Inc. v. Butler Avpak, Inc.,* 573 F.2d 1370, 1377 (9th Cir. 1978) (factual assertions in an affidavit based on information, belief, or understanding were insufficient to withstand a motion for summary judgment, and that "bare assertions" of fact without a showing as to the foundation for the affiant's personal knowledge also were insufficient). In the absence of any opposition citing to specific facts sufficient to demonstrate a triable issue of fact, the Court is not required to parse through Plaintiff's exhibits to determine whether they may contain facts that would be admissible in evidence sufficient to defeat summary judgment. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107,

1112 (9th Cir. 2003) (a party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements.").

>            ii.    *Plaintiff Does Not Establish a Question of Fact Regarding a Violation of the Fourteenth Amendment Equal Protection Clause.*

"The central inquiry in an Equal Protection Clause claim is whether a government action was motivated by a discriminatory purpose." *Ballou v. McElvain*, 29 F.4th 413, 422 (9th Cir. 2022) *citing Ave. 6E Invs., LLC v. City of Yuma*, 818 F.3d 493, 504 (9th Cir. 2016).  A plaintiff may establish discriminatory purpose by "'produc[ing] direct or circumstantial evidence demonstrating that a discriminatory reason more likely tha[n] not motivated' the defendant and that the defendant's actions adversely affected the plaintiff in some way." *Id. quoting id.* (quoting *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013)).  Defendants' evidence shows the decisions made with respect to IMB arose from unrefuted evidence of her conduct and the application of well established CCSD regulations.  ECF Nos. 43-3; 43-4 at 3; 43-6 at 2; 43-7 at 2; 43-8 at 2; 43-9; 43-15 at 16; 43-16 at 2; CCSD Regulation 5141.1.  The spreadsheet produced to Plaintiff, authenticated by Peterson shows 19 students expelled for the school years 2022-2023 through 2024-2025.  ECF No. 43-18 at 2.  The demographics shows  six of those students (including IMB) identified as Black/African American; six students identified as Hispanic/Latino; three students identified as White; three students identified as two or more races; and one student identified as American Indian/Alaska Native.  *Id.*  Four of the students expelled had not been criminally cited and there was no confirmation of a citation for a fifth.  *Id.*  The remaining 14 students, including IMB, were criminally cited.  *Id.*

The demographics cited above are contrary to the conclusion that Black/African American students at Manion were expelled more often than those outside that protected class.  Slightly more than two-thirds of those expelled were not Black/African American.  Plaintiff offers neither direct nor indirect evidence of race based animus in contrast to this evidence.  ECF No. 48.  Excluding citations to his SAC, Plaintiff fails to cite to any direct or indirect evidence of comments made or actions taken tinged with race-based animus.  *Id.* at 8-12.

Nevertheless, Plaintiff harps on Defendants' alleged failure to follow its regulation thus supposedly denying his daughter due process. *Id*. at 9-11. There are three problems with this argument. First, the Court dismissed Plaintiff's procedural due process claim finding he was asserting the claim on behalf of his daughter, which he is unable to do as a matter of law.[6] Second, even if the Court assumes Plaintiff is complaining about some process he was denied, Plaintiff fails to offer any evidence tying this allegation to racial animus directed to him. Third, if the Court assumes Plaintiff is alleging he was denied process to which he was due, and that denial was racially motivated, the claim fails because Defendants substantially complied with the process.

CCSDPD was notified of Plaintiff's daughter's conduct (hitting another student) that was alleged to violate the law (ECF No. 43-4 at 3); IMB was initially suspended and her parents were notified of the suspension (*id*.); there was an initial hearing before the assistant principal (Stork) and a recommendation of expulsion (*id.*); Plaintiff and IMB's mother were notified that they could contest the expulsion (*id.*); a second level hearing was held before Region 3 School Associate Superintendent Tony Davis and the expulsion was upheld. ECF Nos. 43-3 at 3-4; 43-6; 43-15 at 16; 43-17 (the Discipline Removal Referral Packet signed by IMB mother). Plaintiff offers no evidence to the contrary. In the absence of evidence, Plaintiff has not established "a genuine dispute of material fact that could satisfy … [his] burden at trial" and, thus, summary judgment on this claim is granted. *Sonner*, 911 F.3d at 992.

                  *iii.*      *Plaintiff's Civil Conspiracy Claim Does Not Survive Summary Judgment*.

To state a civil rights conspiracy claim under 42 U.S.C § 1983, a plaintiff must allege "(1) the existence of an express or implied agreement among the defendants to deprive him of his constitutional rights, and (2) actual deprivation of those rights resulting from that agreement." *Bell v. Gates*, Case No. CV 01-01863 FMC (SHx), 2001 WL 849640, at *7 (C.D. Cal. July 24, 2001) (citing *Ting v. United States*, 927 F.3d 1504, 1512 (9th Cir. 1991)). Thus, unlike a civil conspiracy

---

[6] As explained in the Court Order allowing Plaintiff to proceed, in part, with his SAC: "Plaintiff alleges that his daughter's constitutional rights were violated when she was expelled without the requisite level of due process, yet he asserts each of the claims in the SAC in his own name rather than on his daughter's behalf. *See generally*, ECF No. 19 at 7-18. Plaintiff does not have standing to challenge the violation of another's rights. *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) ("Generally, constitutional rights are personal and may not be asserted vicariously.") (internal quotations omitted); *see also Cherry v. Clark Cty. Sch. Dist.*, Case No. 2:11-CV-1783-JCM-GWF, 2013 WL 3944285, at *9 (D. Nev. July 22, 2013)." ECF No. 29 at 6.

claim under Nevada law, Plaintiff cannot maintain a conspiracy claim under § 1983 unless he can establish the conspiracy resulted in the deprivation of *his* constitutional rights. *Woodrum v. Woodward Cnty.*, 866 F.2d 1121 (9th Cir. 1989) ("[A] conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights.") (citing *Singer v. Wadman*, 595 F.Supp. 188 (D. Utah 1982)).

Defendants move for summary judgment on Plaintiff's civil conspiracy claim. In response, Plaintiff repeatedly returns to the theme that there was a camera that would have caught a meeting in Manion's administrative offices—"on a date and time Plaintiff alleges in his complaint," attended by Stork, Miller, Peterson, and McGrandy, where Defendants agree to "not allow Mr. Stork to follow the due process for expulsion" so they could expel IMB as a punishment for Plaintiff's original civil rights Complaint. ECF No. 48 at 11, 13. However, as stated in response to Plaintiff's Request for Production No. 4 propounded on Peterson, "Defendant is not in possession of any videos responsive to this request as no such videos exist." ECF No. 48-1 at 43.

Plaintiff does not defeat summary judgment based on his belief that there is a video, which CCSD, through Peterson, states does not exist. Plaintiff does not defeat summary judgment by alleging, without evidence, that Defendants met in administrative offices of the school and agreed to deny Plaintiff due process. Further, Plaintiff provides no evidence he was denied process to which he was due. Plaintiff offers no evidence of either a concerted action or a meeting of the minds to violate his constitutional rights. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) ("The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage."). Moreover, as stated above, the Court finds Plaintiff fails to establish a question of fact sufficient to allow his First Amendment retaliation claim or Equal Protection Claim to proceed to trial. Under these circumstances, the Court finds summary judgment in favor of Defendants and against Plaintiff on his civil conspiracy claim. *T.W. Elec. Serv. Inc.*, 809 F.2d 630; *Millenium Drilling*, 2014 WL 4798417 at *3.

    *iv.*    *Plaintiff Offers no Evidence in Support of a Claim Against Clark County School District.*

For sake of completeness, the Court finds Plaintiff's fails to substantively respond to Defendants' Motion for Summary Judgment applying *Monell v. Dept. of Soc. Servs*, 436 U.S. 658 (1978). *Compare* ECF Nos. 43 at 24-26 *and* 48 at 14. Assuming for sake of resolution, that CCSD is a proper defendant (as opposed to Clark County itself), the standard established under *Monell*, 436 U.S. at 690-95, demonstrates CCSD is only liable for the infringement of constitutional rights under limited circumstances for which Plaintiff presents no evidence. A plaintiff asserting a constitutional claim against CCSD under *Monell* will have to create a question of fact evidencing he: (1) had "a constitutional right of which he was deprived; (2) CCSD had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Further, before a *Monell* claim will proceed, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). CCSD may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, CCSD may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, CCSD may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Plaintiff cites CCSD Regulation at 5114.2.1 and then states: "As alleged in the complaint, the policy allows for school officials to expel students for battery without said student being found guilty in any court of law for battery, which is a due process violation." ECF No. 48 at 15-17. As discussed above, Plaintiff offers no evidence of a constitutional violation. There is no evidence— only Plaintiff's continued caterwauling woops that the decision to expel IMB—after collecting

11

undisputed evidence that she hit GK multiple times and battery charges were brought—was motivated by his decision to notify Defendants and then bring a civil rights action on his own behalf. Rather, as stated from the first by Mr. Stork, and as demonstrated by policy, which was followed, bullying, with a law enforcement citation, is mandatory expulsion. Plaintiff offers nothing that creates doubt as to this well established fact. There is no evidence this policy amounts to deliberate indifference to constitutional rights. And, there is no evidence that the policy was applied to Plaintiff in a manner that violates his constitutional rights.

**III.    Order**

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. [43] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (ECF No. [45]) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Rule 11 Sanctions (ECF No. [47]) is DENIED as moot.

IT IS FURTHER ORDERED that judgment is granted in favor of Defendants and against Plaintiff.

IT IS FURTHER ORDERED that the Clerk of Court is ordered to close this case.

Dated this 27th day of May, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

12